UNITED STATES et al. v. WHEELER et al.

No. P–6.

District Court, S. D. Illinois, N. D.

May 20, 1940.

As Amended on Denial of Motion for New Trial June 19, 1940.

Howard L. Doyle, U. S. Atty., of Springfield, Ill.

Todd, Arber, Pendarvis & Anderson, of Peoria, Ill., for defendants.

Boyd & Weber, of Lewistown, Ill., for Wheeler and Ipava State Bank.

Hunter, Kavanagh & McLaughlin, of Peoria, Ill., for Columbia Casualty Co.

ADAIR, District Judge.

This cause having come on for hearing upon the complaint of the plaintiff, and the answer of the defendants, and the court having heard proof in open court, and having examined the exhibits received in evidence, and having heard the argument of counsel, and after submission of briefs, and being fully advised in the premises, finds and concludes:

### Findings of Fact

I. That the action was properly brought by the United States of America in its own name, and in the name of the People of the State of Illinois for the use of the United States of America.

II. That the Resettlement Administration was a federal agency created by executive order.

III. That on October 21, 1936, Roy Gilmore, the mortgagor, gave to the Administrator a certain chattel mortgage pledging certain property to secure a note for $100. On November 28, 1936, a corrective chattel mortgage was given to secure the last mentioned note. On January 30, 1937, an additional chattel mortgage was given said Administrator to secure a note of $728.83 covering the property here in issue. On April 10, 1937, a chattel mortgage was given covering three promissory notes of $728.83, $100 and $200; that each of the said chattel mortgages covers three classifications of chattles, to-wit: livestock, crops and farm machinery, and that the last chattel mortgage was in lieu of mortgage heretofore given with the additional $200 note; that the first loan not secured by chattel mortgage from the Administrator to the said Roy Gilmore was dated December 12, 1935, for the sum of $728.83; that the second loan not secured by chattel mortgage was dated October 17, 1936, in the sum of $100.

That on July 31, 1936, the said Roy Gilmore borrowed from the Ipava State Bank of Ipava, Illinois, the sum of $300, payable one year after date, and that the same was not secured.

IV. That on December 23, 1937, the said Roy Gilmore, as such mortgagor, made application for release of eleven Hampshire shoats covered by chattel mortgage which he had sold to the Peoria

Stock Yards for $98.01. That $60 of said sum was applied on the mortgage loan, and that $33.01 was retained for his own use; that said application was approved by one, Ward C. Cannon, Supervisor of said agency.

The Court further finds that Ward C. Cannon had power to approve said application.

That on August 9, 1937, the said Roy Gilmore, mortgagor, as aforesaid, delivered and sold to the Roy Danner Elevator, Astoria, Illinois, 250 bushels 20 lbs. of wheat pledged under said mortgage above mentioned for $203.70.

And that afterwards, an application for release of the mortgaged property was delivered·to Mr. Danner, which was represented by Mr. Cannon, representative of the Resettlement Administration, to be his permit for the payment of said wheat, and that the said elevator paid out under agreement of the Resettlement Administrator the following amounts:

(a) Treasurer of the United States $ 21.50
(b) Russell Etter (trucking and account) .................. 29.84
(c) J. Otis Boo (cultivator mortgaged to plaintiff) ......... 22.00
(d) Roy Gilmore (endorsed and cashed by him) ............ 104.86
(e) Roy Danner Elevator (Gilmore account for flour and supplies) ................. 25.50

V. That on October 8, 1937, the Ipava State Bank of Ipava, Illinois, obtained a judgment on its note against Roy Gilmore in the sum of $368.30 and costs; execution was properly issued thereon, and delivered to the defendant, Joseph Wheeler, Sheriff of Fulton County, Illinois, and in due course a levy and execution sale was made by said sheriff, and that the following property listed in said chattel mortgages and sold at said execution sale by said sheriff and involved in this proceeding, were:

41 acres of corn.................. $190.00
9 tons of bean hay.............. 60.00
1 Red Cow, 5 yrs. old........... 40.00
1 Jersey heifer ................. 23.75
1 Whiteface black cow......... 66.00

That said sale was duly and properly advertised for November 8, 1937, and that at the start of the sale, said Ward C. Cannon presented and read a letter from the Farm Security Administrator, and prior to the sale of each of the above listed articles, announced that the article was under chattel mortgage. At the termination of the sale the sheriff, by his deputy, announced that all articles levied upon and not sold were released from said levy. The sheriff, out of the proceeds of said sale, satisfied said judgment and costs, and there remained in his hands the sum of $34, and that said sum was paid out by said sheriff by check to the Farm Security Administration, and to the said·Roy Gilmore; said Roy Gilmore endorsed said check, and that said check was received and cashed by the Resettlement Administration, Department of Agriculture.

VI. That all the remaining property under chattel mortgage was sold at public sale under the name of said Roy Gilmore by and with the consent of the Resettlement Administrator, and said funds derived from said sale of said property was paid to the Resettlement Administrator.

Conclusions of Law

I. That all the material allegations of the complaint, filed in this cause, are true.

II. That this court has jurisdiction of the parties and of the subject matter of this cause.

III. That the notes and mortgage held and owned by the plaintiff for the principal sum of $1,029.83, at the time of the taking of the said property by the said defendants, was valid and subsisting, and was a lien upon the property designated and shown by said mortgage.

IV. That the judgment and execution entered in the Circuit Court of Fulton County, Illinois, by the said defendants and against the said Roy Gilmore was a valid judgment.

The court further concludes, that the said Ward C. Cannon did grant to the said Roy Gilmore a release of certain chattels designated in said chattel mortgage; that the said properties so released were minor in value and in number, and that the monies obtained from the sale of said property was largely used in the payment of the necessary expenses incurred in maintaining the farm upon which such chattel property was located.

That the act authorizing the mortgage, in question, was intended to permit and encourage distressed farmers in the continuation of their business.

V. The court finds, that the permission granting the mortgagor to sell certain property, as admitted in the stipulation, would not make the entire mortgage a fraudulent mortgage nor was the original mortgage meant to hinder or delay creditors, and the sales authorized by the mortgagee were only for an inconsiderable portion of the property, and that the remainder of said property, so mortgaged, will be subject to said lien.

VI. That the acceptance of the check delivered by the said sheriff to the Resettlement Administrator did not constitute a waiver by the Government of the lien of its mortgage upon the chattels, or destroy the Government's cause of action against the defendants.

The court therefore concludes, that the plaintiff is entitled to the relief prayed for in the complaint, and the clerk is hereby directed to enter judgment in the sum of Three Hundred Forty-five and 75/100 Dollars ($345.75) together with interest at the rate of five per cent (5%), from November 8, 1937.